MAXWELL, JUSTICE, SPECIALLY CONCURRING:
 

 ¶27. I agree with the majority that, by not requesting that the chancellor recuse, Roger has waived this issue on appeal. But given Roger's argument, I find it would be helpful to Roger-as well as the bench and bar-to explain why, in this particular constructive-criminal-contempt case, Roger had to request the chancellor recuse to preserve this issue.
 

 ¶28. Part of Roger's argument is that recusal could not be waived. He suggests it was the chancellor's duty to recuse
 
 sua sponte
 
 given the nature of the contempt. As Roger sees it, our caselaw mandates judges recuse in
 
 every
 
 case involving constructive criminal contempt. Roger's view hinges on his reading of two cases-
 
 Cooper Tire & Rubber Co. v. McGill
 
 ,
 
 890 So.2d 859
 
 , 868 (Miss. 2004), and
 
 In re Smith
 
 ,
 
 926 So.2d 878
 
 , 888 (Miss. 2006). He argues that, when read together, the cases "extend" the requirement to recuse
 
 sua sponte
 
 in any case involving constructive criminal contempt. But a closer look shows that neither case alters this Court's well-established standard for when a judge must recuse in a constructive-criminal-contempt case. Instead, both cases maintain that "[i]t is necessary for that individual to be tried by another judge in cases of constructive contempt
 
 where the trial judge has substantial personal involvement in the prosecution
 
 ."
 
 Smith
 
 ,
 
 926 So.2d at 888
 
 (emphasis added) (quoting
 
 In re Williamson
 
 ,
 
 838 So.2d 226
 
 , 238 (Miss. 2002) );
 
 see also
 

 Cooper Tire
 
 ,
 
 890 So.2d at 869
 
 .
 

 ¶29. In other words, it is not simply the nature of the contempt that mandates recusal.
 

 Indeed, the constructive criminal nature of the contempt is just part of the inquiry. The judge must also have "substantial personal involvement in the prosecution" to trigger the due-process requirement that the matter be tried by another judge.
 
 Corr v. State
 
 ,
 
 97 So.3d 1211
 
 , 1215 (Miss. 2012) (quoting
 
 Graves v. State
 
 ,
 
 66 So.3d 148
 
 , 151 (Miss. 2011) ). "Examples of 'substantial personal involvement in the prosecution warranting recusal include cases where the trial judge acts as a 'one-man grand jury;' where the trial judge is 'instrumental in the initiation of the constructive-contempt proceedings;' and where the trial judge 'acts as prosecutor and judge.' "
 

 Id.
 

 (quoting
 
 Graves
 
 ,
 
 66 So.3d at
 
 154 ).
 
 E.g.
 
 ,
 
 Corr
 
 ,
 
 97 So.3d at 1215
 
 (holding that the chancellor had substantial personal involvement because he initiated the contempt proceeding when he issued show-cause orders);
 
 In re Williamson
 
 ,
 
 838 So.2d at 238
 
 (holding that the chancellor had substantial personal involvement because he was a material witness in the contempt proceeding).
 

 ¶30. Here, Roger does not even argue the chancellor had substantial personal involvement in the prosecution of the contempt proceeding-a proceeding admittedly initiated by his wife. Nor does the record support such a finding. So the chancellor was not required to recuse
 
 sua sponte
 
 . As the majority explains, recusal was discretionary. And the chancellor can hardly be said to have abused his discretion by not recusing when he was never asked to do so.
 

 RANDOLPH, P.J., COLEMAN, BEAM, CHAMBERLIN AND ISHEE, JJ., JOIN THIS OPINION.